IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS MCKEON | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | NO. 09-4571 |
| COMMONWEALTH OF PENNSYLVANIA;  | : | |
| EDWARD RENDELL, Governor; THOMAS | : | |
| CORBETT, Attorney General; MICHAEL | : | |
| CASSIDY, Esq.; and MONTGOMERY | : | |
| COUNTY BOARD OF COMMISSIONER, | : | |
|     Defendants. | : | |

**M E M O R A N D U M**

DUBOIS, J.                                                                                                                                     FEBRUARY 23, 2010

**I.    BACKGROUND**

On October 5, 2009, plaintiff, a prisoner, filed a *pro se* 42 U.S.C. § 1983 civil rights Complaint against the Commonwealth of Pennsylvania, Governor Edward Rendell, Attorney General Thomas Corbett, the Montgomery County Board of Commissioners, and Michael Cassidy, Esquire.[1] Plaintiff alleged in that Complaint that "his civil right to trial, appeal to trial and proper and complete professional representation by licensed counsel was totally violated." The Complaint goes on to aver that plaintiff's step-father, Judge Maurino J. Rossanese, was "a negative factor in this violation and that the venue in this proceeding should have been moved to a different jurisdiction."[2]

The gravamen of the October 5, 2009 Complaint is that, although there are "no outstanding charges or prison time left to complete on this matter," plaintiff is still "unlawfully"

---

1. Although it is not specified in the Complaint, it appears from the record in this case that Mr. Cassidy was plaintiff's criminal defense counsel.

2. Petitioner was tried in the Court of Common Pleas of Montgomery County. Judge Rossanese, who is not named as a defendant in this action, was at all times material to this case, a Judge of the Court of Common Pleas of Montgomery County.

incarcerated. As relief, plaintiff seeks "reinstitution of his violated rights," immediate release from confinement, and "remuneration for costs and fees associated with the filing and litigation of this matter."

When he filed his Complaint on October 5, 2009, plaintiff failed to either pay the required $350.00 filing fee to commence this civil action, or to file a motion for leave to proceed in forma pauperis,. Accordingly, by Order dated October 8, 2009, the Court directed the Clerk to provide plaintiff with a form motion to proceed in forma pauperis and instructions on how to complete that form. In the same Order, the Court directed plaintiff to complete the motion to proceed in forma pauperis and to submit it together with a certified copy of his prisoner account as required by 28 U.S.C. § 1915(a). Plaintiff was also ordered to file an amended complaint in which he "(a) identifies each defendant by name, if possible; (b) states how and when each defendant violated his civil rights; and, (c) states what harm, if any, he suffered from the actions of each defendant."

Thereafter, on October 23, 2009, plaintiff filed a second Complaint which was identical to the Complaint of October 5, 2009. However, before filing the second Complaint, plaintiff, on October 20, 2009, wrote to the Court, explaining that he did not know what was required with respect to an amended complaint.[3] In that letter, which was placed in the Clerk's File and neither docketed or delivered to the Court, plaintiff expanded on the allegations supporting his claims. In summary, the October 20, 2009 letter sets forth the sentence imposed on plaintiff in the Court of Common Pleas of Montgomery County, which he asserts exceeded the guidelines for his crimes, and details why he thinks he should not have been tried in Montgomery County.

With the second Complaint, plaintiff filed a motion for leave to proceed in forma pauperis. Because it appears that he is unable to pay the cost of commencing this action, leave to proceed in forma pauperis will be granted. However, the second Complaint will be dismissed as

---

3. A copy of the October 20, 2009 letter shall be docketed by the Deputy Clerk.

legally frivolous for the reasons which follow.

## II. DISCUSSION

### A. Standard of Review

Section 1915(e)(2) of Title 28 of the United States Code provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal - (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

### B. The Commonwealth of Pennsylvania

The Eleventh Amendment to the United States Constitution prohibits actions for damages against a state in federal court unless the state has waived its immunity. U.S. Const. amend. XI; Edelman v. Jordan, 415 U.S. 651 (1974) ("a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment"). There is no waiver of immunity applicable to this case. Although § 1983 imposes liability upon "every person" who deprives another of a constitutional right under color of state law, the Supreme Court has ruled that "neither the State nor its officials acting in their official capacities are 'persons' under § 1983." Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). Thus, plaintiff is precluded from asserting a claim for damages against the Commonwealth of Pennsylvania in a civil rights action under § 1983.

### C. Governor Edward Rendell and the Montgomery County Board of Commissioners

Plaintiff also names Governor Edward Rendell and the Montgomery County Board of Commissioners as defendants in this action. However, he fails to allege that they had any involvement in his criminal case or his present confinement status. To be liable in a § 1983 civil rights action, a defendant must have participated in or had personal knowledge of and acquiesced in the actions which deprived plaintiff of his constitutional rights. Rode v. Dellarciprete, 845

F.2d 1195, 1207 (3d Cir. 1988). The mere fact that Governor Rendell and the members of the Montgomery County Board of Commissioners were in supervisory positions is insufficient to state a colorable constitutional violation as there is no respondeat superior liability in § 1983 cases. Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1082 (3d Cir. 1976).

**D. Attorney General Thomas Corbett**

Plaintiff also names Attorney General Thomas Corbett as a defendant in this case. As with the Governor and the Montgomery County Board of Commissioners, he fails to allege that Attorney General Corbett had any involvement in his criminal case. Moreover, the doctrine of absolute immunity shields prosecutors from liability for actions related to their official duties. Imbler v. Pachtman, 424 U.S. 409, 417-19 (1976). Prosecutors are absolutely immune from liability for money damages under § 1983 for acts "within the scope of [their] duties in initiating and pursuing a criminal prosecution." Id. at 410.

Neither plaintiff's second Complaint or the October 20, 2009 letter states or even suggests that Attorney General Corbett was aware of the events giving rise to plaintiff's claims, or acted outside the scope of his prosecutorial duties. Thus, the Court concludes that plaintiff has failed to state a colorable claim for damages against Attorney General Corbett.

**E. Michael Cassidy, Esquire**

In order to bring suit under § 1983, a plaintiff must allege that a person acting under color of state law deprived him of his constitutional rights. Kost v. Kozakiewicz, 1 F.3d 176, 184 (3d Cir. 1993) (listing elements of a § 1983 claim). Nothing in the two Complaints or the October 20, 2009 letter suggests that Michael Cassidy, Esquire, acted under color of state law. On this issue the Court notes that, as plaintiff's criminal defense counsel, Mr. Cassidey would not be a state actor because a defense attorney "does not act under color of state law when performing a lawyer's traditional functions as counsel in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 318 (1981) (footnote omitted). This is so regardless of whether Mr. Cassidy was court-appointed or privately retained. Black v. Bayer, 672 F.2d 309, 314 (3d Cir.), cert. denied, 459

4

U.S. 916 (1982). Thus, plaintiff may not sue Michael Cassidy, Esquire, for damages in a civil rights action under § 1983.

### F. Claim for Relief

In addition to monetary relief, plaintiff requests immediate release from confinement, and "reinstitution of his violated rights," which the Court interprets as release from confinement. However, release from state confinement is a form of injunctive relief which is not available in a § 1983 civil rights action, and may be requested in federal court only by means of a habeas corpus petition under 28 U.S.C. § 2254. Preiser v. Rodriguez, 411 U.S. 475 (1973).

## III. CONCLUSION

Section 1915(e)(2) of Title 28 of the United States Code authorizes the Court to dismiss "at any time" a civil action brought by a prisoner in forma pauperis. Because plaintiff has failed to advance any actionable violation of his constitutional rights on the part of the named defendants, this case will be dismissed, without prejudice, as legally frivolous.

Such dismissal is without prejudice to plaintiff's right to file a third complaint, in which he provides further information concerning his claim that he is being held in confinement beyond his correct release date. In his third complaint, plaintiff should: (1) state the date on which his present sentence commenced; (2) state the length of his present sentence and maximum release date; (3) explain why he claims that he is being wrongly confined at this time; (4) explain what efforts he has made to "get Montgomery County to send the proper paperwork to the prison records dept.," and how his alleged inability to secure such paperwork has affected his present confinement; (5) describe each alleged violation of his constitutional rights; and (6) identify each defendant in the case caption and the body of the complaint, and state how each defendant was involved in the alleged violation of his constitutional rights.

An appropriate order follows.