# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS MCKEON | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | |
| v. | : | NO. 09-4571 |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA; | : | |
| JUDGE MAURINO J. ROSSANESE; | : | |
| MONTGOMERY COUNTY COMMISSION; | : | |
| MICHAEL CASSIDY, Esq., | : | |
|     Defendants. | : | |

## M E M O R A N D U M

DUBOIS, J.                                                            APRIL 26, 2010

## I.    BACKGROUND

The history of this case is set forth in the Court's Memorandum of February 22, 2010, and will not be repeated here. The Court will refer in this Memorandum only to those facts which are relevant to ruling on plaintiff's amended complaint.

In response to the Court's Order of February 22, 2010, which dismissed *pro se* plaintiff's Second Complaint as legally frivolous and permitted plaintiff to file a third complaint in accordance with the accompanying Memorandum of February 22, 2010, plaintiff filed an Amended Complaint of Violation of Civil Rights (Document No. 12, filed April 2, 2010) ("Third Complaint"). In the Third Complaint, plaintiff asserts claims under 42 U.S.C. § 1983 against the Commonwealth of Pennsylvania, Judge Maurino J. Rossanese, Montgomery County Commission, and Michael Cassidy, Esq. Plaintiff avers that due to a pre-existing negative relationship with Judge Maurino Rossanese, plaintiff's state criminal case should have been

transferred to a different venue. Plaintiff further avers that he is being held in custody beyond the maximum expiration date of his sentence. In the Third Complaint, plaintiff prays for "reinstitution [sic] of his violated rights; immediate release from incarceration, forthwith[;] and monetary renumeration [sic] for cost [sic] and fee's [sic] associated with the filing and litigation of this matter."

II. DISCUSSION

A. Claims Under 42 U.S.C. § 1983

Among the parties named as defendants in the Third Complaint are the Commonwealth of Pennsylvania and Michael Cassidy, Esq. In its Memorandum and Order of February 22, 2010, the Court ruled that plaintiff is precluded from asserting claims under 42 U.S.C.§ 1983 for monetary damages against these very same defendants. Plaintiff's claims against the Commonwealth of Pennsylvania and Michael Cassidy, Esq., are therefore dismissed as legally frivolous.

Plaintiff also asserts claims under 42 U.S.C.§ 1983 against the Montgomery County Board of Commissioners. As set forth in the Memorandum of February 22, 2010, members of the Montgomery County Board of Commissioners cannot be liable unless they participated in or had personal knowledge of and acquiesced in the actions which deprived plaintiff of his constitutional rights. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). The mere fact that the members of the Montgomery County Board of Commissioners were in supervisory positions is insufficient to state a colorable constitutional violation as there is no *respondeat superior* liability in § 1983 cases. Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1082 (3d Cir. 1976). The Memorandum of February 22, 2010 clearly instructed plaintiff to

"identify each defendant in... the body of the complaint, and state how each defendant was involved in the alleged violation of his constitutional rights." The Third Complaint does not describe how any member or the Montgomery County Board of Commissioners was involved in a violation of plaintiff's constitutional rights. Thus, plaintiff's claim against the Board is dismissed as legally frivolous.

Plaintiff's claim under § 1983 against Judge Maurino J. Rossanese is likewise deficient. Although plaintiff identifies Judge Rossanese in the caption, and briefly describes his past relationship with Rossanese in the body of the Third Complaint, plaintiff does not aver any violations of his constitutional rights by Judge Rossanese. As a result, plaintiff's claim against Judge Rossanese is also dismissed as legally frivolous.

To the extent that plaintiff seeks monetary damages under 42 U.S.C. § 1983, based on his alleged incarceration beyond the expiration of his maximum term of imprisonment, in violation of the Eighth Amendment, plaintiff must plead facts which: (1) demonstrate that "a prison official had knowledge of [plaintiff's] problem and thus of the risk that unwarranted punishment was being, or would be, inflicted"; (2) show that "the official either failed to act or took only ineffectual action under the circumstances, indicating that his response to the problem was a product of deliberate indifference to [plaintiff's] plight"; and (3) demonstrate "a causal connection between the official's response to the problem and the unjustified detention." Montanez v. Thompson, -- F.3d --, No. 05-4430, 2010 WL 1610612, at *6 (3d Cir. Apr. 22, 2010) (citing Sample v. Diecks, 885 F.2d 1099,1110 (3d Cir. 1989). There are no such facts plead in the Third Complaint.

### B. Claim Seeking Release From Incarceration

In addition to monetary relief, plaintiff requests immediate release from confinement, and "reinstitution of his violated rights," which the Court interprets as release from confinement. As the Court stated in its Memorandum of February 22, 2010, release from state confinement is a form of injunctive relief which is not available in a § 1983 civil rights action, and may be requested in federal court only by means of a habeas corpus petition under 28 U.S.C. § 2254. Preiser v. Rodriguez, 411 U.S. 475 (1973).[1]

### III. CONCLUSION

Section 1915(e)(2) of Title 28 of the United States Code authorizes the Court to dismiss "at any time" a civil action brought by a prisoner in forma pauperis. Because plaintiff has failed to advance any actionable violation of his constitutional rights on the part of the named defendants, this case will be dismissed, without prejudice, as legally frivolous.

Such dismissal is without prejudice to plaintiff's right to file a fourth complaint in accordance with this Memorandum and the Memorandum of February 22, 2010, if warranted by the facts.

An appropriate order follows.

---

[1] It should be noted that state court records relating to plaintiff's incarceration demonstrate that plaintiff has violated parole several times during the period of his state sentence, and that, as a result, his recalculated maximum expiration date is August 24, 2017. Copies of said records have been forwarded to plaintiff under separate cover.